49 CCPA

**Application of George J. MALECKI.**
**Patent Appeal No. 6729.**

United States Court of Customs
and Patent Appeals.
Dec. 18, 1961.
Rehearing Granted March 9, 1962.

---

Pennie, Edmonds, Morton, Barrows &
Taylor, New York City, Clarence M.
Fisher, Washington, D. C. (W. B. Morton, New York City, of counsel), for appellant.

Clarence W. Moore, Washington, D. C.
(Raymond E. Martin, Washington, D. C.,
of counsel), for the Commissioner of
Patents.

Before WORLEY, Chief Judge, and
RICH, MARTIN, and SMITH, Judges,
and Judge WILLIAM H. KIRKPATRICK.[*]

WORLEY, Chief Judge.

This is an appeal from the decision of
the Board of Appeals affirming the Primary Examiner's rejection of claims 16
to 21, inclusive, as indefinite and functional at the point of novelty, and all
the claims, 16 to 25, inclusive, as unpatentable over certain prior art.

Claims 16 and 22 are illustrative and
read:

"16. The method of preserving
edible plant products which consists
in treating the product to remove
from a portion of its surface substantially all dead plant tissue and
coating the surface while consisting
essentially of living plant tissue with
a gelatinous film adhering to and
protecting the surface.

"22. A new food product consisting of a fresh edible plant product
having a portion of its surface exposed by removal of overlying plant
tissue, said surface being substantially free of dead plant tissue and
coated with a gelatinous film adhering to such surface and covering the
same."

The references relied on are:

| | | | |
|---|---|---|---|
| Elion | 2,298,933 | October | 13, 1942 |
| Ferguson | 2,532,489 | December | 5, 1950 |
| Stoloff | 2,567,085 | September | 4, 1951 |

The claimed invention relates to treating vegetables and fruits for the purpose
of inhibiting or retarding discoloration
and deterioration. The process consists
of two steps: first, treating the produce
by peeling and slicing to remove substantially all dead plant tissue from the
surface; and second, while the surface
is still essentially living plant tissues,
coating it with a gelatinous film.

Numerous peeling operations are disclosed in appellant's specification. The
basic requirement is stated as follows:

"The principle of the peeling according to my methods is the removal of the skin in such a manner and
at such conditions that the potato
flesh underneath is not killed and
the obtained peeled surface is devoid
of dead cells or parts thereof, and

[*] United States Senior District Judge for
the Eastern District of Pennsylvania,
designated to participate in place of Judge
O'CONNELL, pursuant to provisions of
Section 294(d), Title 28 United States
Code.

consists essentially of only living cells."

One such peeling operation disclosed by appellant utilizes large grain abrasives together with a reducing agent, such as water soluble sulfite, bisulfite or thiosulfate.

In describing the second step, appellant's specification states:

"My preferred treatment of prepeeled potatoes consists in covering them with a coating of an aqueous dispersion of some high molecular, nontoxic to potato cells, hydrophile polymer or mixture of polymers, such as for instance methylcellulose, carboxymethylcellulose, water soluble ethylcellulose, polyvinylalcohol, agar, carageen, (irish moss), pectin, algin, or alginates, iceland moss, gums of tragacant, arabic, senegal, karaya, karya, guar, locust bean, etc."

The Elion patent relates to a method of treating cut surfaces of fruits and vegetables to retard or inhibit discoloration. The treatment consists of immersing the peeled and cut produce in a dilute solution, 0.05 to 0.5%, of sodium thiosulfate. Although Elion exemplifies the treatment as being applied after the peeling and cutting operation, he adds that: "My treatment may be applied at any convenient time so long as the thiosulfate is present when the darkening normally occurs." He further states: "The treatment may be combined with other known treatments for inhibiting the discoloration of cut surfaces of fruits and vegetables * * *."

The Ferguson patent relates to a method of surface-coating fresh perishable foods for the purpose of retarding decay, preventing undue loss of natural moisture, and retarding the development of undesirable changes resulting from oxidative processes. The coating composition comprises an aqueous solution including a colloidal substance such as gelatine, agar-agar, pectin or Irish moss. No mention is made of peeling the fruit or vegetable.

The Stoloff patent relates primarily to a process of extending the life of frozen fish fillets by treating them, prior to freezing, with a solution of Irish moss and ascorbic acid. But Stoloff also reveals that:

"* * * fresh vegetables may be dipped, immediately after picking, in these solutions whereby said vegetables are protected from deterioration and retain their fresh-picked flavor even after prolonged storage time required for shipment and marketing thereof. Likewise fruits such as apples which are ordinarily peeled and cut prior to baking may be treated after the peeling and cutting operations with these coating solutions and the resulting treated fruit stored for a prolonged period of time without any substantial discoloration or deterioration of the fruit taking place. * * *"

Appellant contends the board erred in affirming the rejection of all the claims on the prior art, as well as the rejection of only certain claims as indefinite and functional. We find it necessary to consider only the art rejections, as it applies to all the claims on appeal, the absence of error in that respect obviating the necessity of considering the rejection on functionality.

With regard to the art rejection, appellant's brief before this court sets forth two alleged errors by the board. The first contention is that the board *speculated* that some of the coated fruit obtained by the Stoloff process would be free of dead tissue. The second contention is that the Stoloff patent does not disclose a protective gelatinous film. These will be treated in order.

The board, in affirming the examiner's rejection on the art, stated:

"It is therefore apparent to us that in those instances in the prior art where the peeling was deep enough inherently to remove all of the dead tissue, and in those instances where the vegetables were peeled soon enough after picking, appel-

lant's results of an undiscolored product were obviously attained. * * * While discolored products may also have been obtained, appellant's claims nevertheless are completely anticipated by those portions of the prior art product which were not discolored * * *."

In that regard, appellant's brief states:

"The Board's theory seems to be that the Stoloff patent discloses the application of a gelatinous coating to the surfaces of freshly peeled fruit and that although the patent makes no mention of dead tissue and the necessity of removing such tissue, there would necessarily be some pieces which did not have dead tissue on the surfaces and that those particular pieces would be the same as the product of applicants [sic] process. This, of course, is mere speculation * * *."

We find that the board's statement was not "mere speculation" on its part but, rather, was a reliance on admissions made by appellant. It is noted that the board prefaced its remarks with the following statement:

"The appellant has admitted * * the prior art knowledge of plant products coated with gelatin, as exemplified by Stoloff, and the presence in the prior products of certain portions which do not exhibit discoloration while others exhibit partial discoloration. Appellant also admits * * * the possibility of removing all dead tissues by any method of peeling and cutting, and * * * it is pointed out that freshly gathered vegetable products do not have dead tissues."

Appellant's second contention is:

"The patent [to Stoloff] does not disclose the application of a protective gelatinous film to a freshly peeled surface of a fruit or vegetable, with said film adhering to and covering said surface * * *. The treating liquid is water containing 1% Irish moss extract and 0.2% ascorbic acid. * * * A treatment of this kind will not produce a protective film."

That contention appears to overlook Stoloff's disclosure that his advantageous effect is due to the fact that the viscosity of the solution causes the product "to be completely coated with a film of appreciable dimensions."

Finding none of the errors alleged by appellant with respect to the rejection on art, the decision is affirmed.

Affirmed.[1]

[1]. Appellant argues in his petition for rehearing that the discoloration is due to the presence of dead tissue and not due, as he alleges was previously believed, to imperfection in the applied coating. He contends that such discoloration can be greatly reduced by using his improved peeling methods. If appellant has actually devised such an allegedly improved peeling technique he has failed, as observed by the Solicitor, to set it forth in appropriate language in the claims.